1  Michael R. Brooks, Esq.
   Nevada Bar No. 7287
2  E-mail:  mbrooks@brookshubley.com
   BROOKS HUBLEY, LLP
3  1645 Village Center Circle, Suite 200
   Las Vegas, Nevada 89134
4  Tel:    (702) 851-1191
   Fax:    (702) 851-1198
5  *Attorney for Secured Creditor Brilena, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*BROOKS HUBLEY, LLP*
1645 VILLAGE CENTER CIRCLE, SUITE 200, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | Case No. 15-14086-mkn |
| | Chapter  13 |
| SONIA C. LOPEZ, | |
| Debtor. | **Pre-Confirmation Meeting** |
| | Date:  January 14, 2016 |
| | Time:  8:30 a.m. |
| | **Confirmation Hearing** |
| | Date: January 14, 2016 |
| | Time:  1:30 p.m. |

## <u>BRILENA, INC'S OBJECTION TO CONFIRMATION OF DEBTOR'S</u>

## <u>CHAPTER 13 PLAN #1 DATED AUGUST 12, 2015</u>

Secured  Creditor,  BRILENA,  INC.  AS  TO  AN  UNDIVIDED  31.2500%

INTEREST,  MICHAEL  BUMBACA  AND  ADELE  BUMBACA  HUSBAND  AND

WIFE  AS  JOINT  TENANTS  AS  TO  AN  UNDIVIDED  43.7500%  INTEREST,  FIRST

REGIONAL  BANK,  AS  CUSTODIAN  FBO  ROBERT  PASTER  IRA  ACCT.  NO

051236,  AS  TO  AN  UNDIVIDED  25.000%  INTEREST  ("BRILENA"),  by  and  through

its attorney of record, Michael R. Brooks, Esq. of the law firm of Brooks Hubley, LLP hereby submits the following brief with objections to confirmation of the proposed Chapter 13 Plan #1 dated August 12, 2015 filed by the Debtor.

## STATEMENT OF FACTS

1.      Debtor filed a Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code on July 16, 2015.  [Dkt. No. 1.]

2.      On August 12, 2015, Debtors filed Debtor's Plan No. 1. (the "Proposed Plan"). [Dkt. No. 17].

3.      Brilena is the holder of a secured mortgage claim and home equity line of credit against real property 819 North Divisadero Street, Visalia, CA 93291.

## OBJECTIONS TO CONFIRMATION

Bankruptcy Code § 1324 provides, "…after notice, the court shall hold a hearing on confirmation of plan. A party in interest may object to the confirmation of the plan." Although "party in interest" is not specifically defined in the Bankruptcy Code, § 1109(b) provides some guidance stating "[a] party in interest, including the debtor, trustee, a creditor's committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." *In re Davis*, 239 B.R. 573 (10th Cir. BAP 1999).

Brilena is an interested party because it is the payee of a Deed of Trust (the "DOT") dated August 29, 2007 in the original principal amount of $80,000.00. ***A true and correct copy of the DOT is attached hereto as Exhibit "A" and incorporated herein by reference.*** Debtor's obligations under the Contract are secured by real property located at 819 North Divisadero Street, Visalia, CA 93291 (the "Property").

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 200, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

**1.      The Plan Is Not Feasible.**

The Plan calls for a payment of $1,683.89 for sixty (60) months when there is not evidence that the Debtor has the disposable income to cover this payment. In fact, the Plan evidences the Debtor has a negative monthly disposable income of -$1,972.57.   As a result, the Plan is not feasible as it is based on speculation and wishful thinking of the debtor.

Further, Schedule I of the Debtor's income computation is inadequate wherein the Debtor claims to be self-employed with no monthly income gross wages, salary and/or commissions.

The $3,756.00 claimed as net income from rental property and from operating a business, professional, or farm provides no such proof of rental income by contracts or lease.  Additionally, in the Trustee's Objection to Confirmation of Plan Combined with Trustee's Recommendation for Dismissal dated September 1, 2015, states as one of the basis of the Trustee's objection was in regards to the "Verification of all sources of income received each month through confirmation of the plan."  The Trustee requested paystubs of the profit and loss statements for rental property January through June and a copy of the rental agreement.  As of the date of filing of this Opposition to Confirmation of Plan, the Debtor has failed to verify all sources of income nor has the Debtor provided the paystubs of the profit and loss statements for the rental property or any rental agreements.  Therefore, the income amount claimed cannot be verified.

There is no reasonable prospect for the borrower to make payments. The current principle and interest due on the DOT are greater than the scheduled by the borrower. Further, the pre-petitioned arrears on the DOT are $110,376.80.   A Proof of Claim was

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 200, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

filed on November 13, 2015. *A true and correct copy of the Proof of Claim is attached hereto as Exhibit "B" and incorporated herein by reference.*

The Debtor undervalues the property in the Plan stating the property is valued at $61,602.00 when the property is valued in at least $64,264.00. The Debtor has not filed a Motion to Value Property in this instant matter. In fact, the Roland Hill, County Accessor, assess the property value at $95,816.00. *A true and correct copy of the Property Assessor is attached hereto as Exhibit "C" and incorporated herein by reference.*

With the property valued at $64,264.00, the payments over the life of the plan would be $73,207.00 which exceeds the estimated grand total of payments listed in the plan. Even with the overstated, unverified income provided by the Debtor, it is not sufficient to cover the costs of the plan and would not satisy the pre-petition arrears owing to Brilena.

Finally, the debtor has no reasonable prospect for loan modification as the property is not resided by the Debtor and is located in Visalia, California. By evidence of filing of this Bankruptcy petition, the Debtor resides in Las Vegas, Nevada. Furthermore, on October 14, 2015, this Court entered an Order on Debtor's Verified Ex Parte Motion for Referral to Mortgage Modfication Mediation on behalf of Unified Mortgage Service, Inc. Unified Mortgage Service, Inc. is not a beneficiary to the DOT for this property.

Therefore, this Plan is not feasible for the foregoing reasons stated.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 200, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

provisions of the Bankruptcy Code.  It is respectfully requested that confirmation of the Chapter 13 Plan #1 as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

(1)    That confirmation of the proposed Chapter 13 Plan is denied; or

(2)    For attorney's fees and costs incurred herein.

(3)    For dismissal of the Chapter 13 proceeding.

(4)    For such other relief as this court deems proper.

DATED: January 9, 2016

BROOKS HUBLEY, LLP

By: _____
Michael R. Brooks, Esq.
1645 Village Center Cr., Suite 200
Las Vegas, NV 89134
*Attorney for Secured Creditor*
*Brilena, Inc.*

# EXHIBIT A

,

# EXHIBIT A

Case 15-14086-mkn    Claim 13-1    Filed 11/03/15    Page 6 of 21

Case 15-14086-mkn    Claim 11    Filed 10/13/15    Page 4 of 19

Case 09-91977    Filed 12/18/14    Doc 241

# NOTE SECURED BY A DEED OF TRUST

Loan Number: ▓▓▓▓                    Date: Wednesday, August 29, 2007                    Newport Beach, California

819 North Divisadero Street
Visalia CA 93291
Property Address

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $80,000.00 (this amount will be called "principal"), plus interest, to the order of Brileña, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest, (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on Wednesday, September 05, 2007, or Actual Date of Funding and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**

My payments are    [ ] Interest Only    [X] Fully Amortized    [ ] Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Date | Interest Rate | Payment Amount |
|---|---|---|---|
| 359 | Starting November 1, 2007 | 12.290% | $840.79 |
| 1 | Starting October 1, 2037 | 12.290% | $845.64 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on Thursday, October 01, 2037 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge For Overdue Payments. If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.00% of my overdue payment or U.S. $25.00, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

(B) Default. If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Payment of Note Holder's Costs and Expenses. If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**

BORROWER'S INITIAL    

Applied Business Software, Inc. (800) 833-3343



Note Secured by Deed of Trust                [7180/Lopez]
Page 1 of 3

*Exhibit A*

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: For the first five (5) years this loan contains a prepayment penalty. The undersigned may prepay an amount not exceeding twenty percent (20%) of the original principal amount in any twelve month period commencing from the date of the Promissory Note of anniversary dates thereof without penalty. If the aggregate amount of principal prepaid in any twelve month period exceeds twenty percent (20%) of the original principal amount of this loan, then as consideration for the acceptance of such prepayment and in addition to any other sum payable hereunder, the undersigned agrees to pay the holder hereof a sum equal to six (6) months interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount at the rate specified in the Promissory Note. Such additional sums shall be paid whether prepayment is voluntary or involuntary including any prepayment affected by the exercise of any acceleration provisions contained in the Promissory Note or in the Deed of Trust or any other security instrument securing the Promissory Note.. Borrower's Initials _____

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

Borrower  SONIA C. LOPEZ    8-30-07    Date    Borrower    Date

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

BORROWER'S INITIAL

Applied Business Software, Inc. (800) 833-3343

Note Secured by Deed of Trust    Page 2 of 3

[7160A.opsx]



# EXHIBIT B

# EXHIBIT B

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Nevada | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**
Sonia Lopez

**Case Number:**
15-14086-mkn
Chapter 13

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca hus

**Name and address where notices should be sent:**
Brooks Hubley, LLP
1645 Village Center Cir., Ste. 200
Las Vegas, NV 89134

Telephone number: (702) 851-1191    email: mbrooks@brookshubley.com

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

**Name and address where payment should be sent** (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $_____ 110,376.80

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 5 7 8 4

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate ☐ Motor Vehicle ☐Other
Describe: 819 North Divisadero St., Visalia, CA 93291

**Value of Property:** $ 64,264.00

**Annual Interest Rate** 12.290% ☑Fixed or ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ 31,010.08

**Basis for perfection:** Deed of Trust

**Amount of Secured Claim:** $ 110,376.80

**Amount Unsecured:** $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)  2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Michael R. Brooks, Esq.
Title:  Attorney
Company:  Brooks Hubley, LLP
Address and telephone number (if different from notice address above):
1645 Village Center Cir., Ste. 200
Las Vegas, NV 89134

(Signature)

(Date) 10/15/15

Telephone number: (702) 851-1191    email: mbrooks@brookshubley.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10A (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | Sonia Lopez | Case number: | 15-14086-mkn |
| Name of creditor: | Brilena, Inc. | Last four digits of any number you use to identify the debtor's account: | 5  7  8  4 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due                                                     (1)   $ _____79,526.82

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 12.29 % | 11/01/2013 | 07/16/2015 | $ 16,655.70 |
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | + $ _____ |
| Total interest due as of the petition date | | | $ 16,655.70 |

Copy total here ▶ (2) + $ _____16,655.70

3. Total principal and interest due                       (3)   $ _____96,182.52

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 11/1/13 - 7/1/15 | (1) | $ 2,086.83 |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $ _____ |
| 3. Attorney's fees | _____ | (3) | $ _____ |
| 4. Filing fees and court costs | _____ | (4) | $ _____ |
| 5. Advertisement costs | _____ | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | _____ | (6) | $ _____ |
| 7. Title costs | _____ | (7) | $ _____ |
| 8. Recording fees | _____ | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | _____ | (9) | $ _____ |
| 10. Property inspection fees | _____ | (10) | $ _____ |
| 11. Tax advances (non-escrow) | _____ | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | _____ | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | _____ | (13) | $ _____ |
| 14. Property preservation expenses. Specify:_____ | _____ | (14) | $ _____ |
| 15. Other. Specify: Unpaid Charges_____ | 11/1/13 - 7/1/15 | (15) | $ 11,994.45 |
| 16. Other. Specify: Demand/Recon_____ | 11/1/13 - 7/1/15 | (16) | $ 113.00 |
| 17. Other. Specify:_____ | _____ | (17) + | $ _____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $ 14,194.28 |

B 10A (Attachment A) (12/11)                                                                                    Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐  No

☐  Yes    Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with
          applicable nonbankruptcy law.

---

1. **Installment payments     Date last payment received by creditor         <u>11/01/2013</u>
   due                                                                         mm/dd/yyyy

                               Number of installment payments due      (1)     <u>    20    </u>

2. **Amount of installment        <u>  20  </u> installments @            $  <u>    840.79    </u>
   payments due**

                                      <u>        </u> installments @        $  <u>              </u>

                                      <u>        </u> installments @      + $  <u>              </u>

                               **Total installment payments due as of      $  <u>  16,815.80  </u>   Copy total here ▶   (2) $  <u>  16,815.80  </u>
                               the petition date**

3. **Calculation of cure        **Add** total prepetition fees, expenses, and charges              Copy total from
   amount**                                                                                         Part 2 here ▶      + $  <u>  14,194.28  </u>

                               **Subtract** total of unapplied funds (funds received but not credited
                               to account)                                                                            - $  <u>     0.00     </u>

                               **Subtract** amounts for which debtor is entitled to a refund                          - $  <u>     0.00     </u>

                               **Total amount necessary to cure default as of the petition date**                   (3) $  <u>  31,010.08  </u>

                                                                                                   Copy total onto Item 4 of Proof of
                                                                                                   Claim form

# EXHIBIT A

# EXHIBIT A

Case 15-14086-mkn    Claim 13-1    Filed 11/03/15    Page 6 of 21

Case 15-14086-mkn    Claim 11    Filed 10/13/15    Page 4 of 19

Case 09-91977    Filed 12/18/14    Doc 241

## NOTE SECURED BY A DEED OF TRUST

Loan Number: ▓▓▓▓                    Date: Wednesday, August 29, 2007                    Newport Beach, California

819 North Divisadero Street
Visalia CA 93291
Property Address

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $80,000.00 (this amount will be called "principal"), plus interest, to the order of Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest, (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on Wednesday, September 05, 2007, or Actual Date of Funding and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**

My payments are    [ ] Interest Only    [X] Fully Amortized    [ ] Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Date | Interest Rate | Payment Amount |
|---|---|---|---|
| 359 | Starting November 1, 2007 | 12.290% | $840.79 |
| 1 | Starting October 1, 2037 | 12.290% | $845.64 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on Thursday, October 01, 2037 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge For Overdue Payments. If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.00% of my overdue payment or U.S. $25.00, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

(B) Default. If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Payment of Note Holder's Costs and Expenses. If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**

BORROWER'S INITIAL ✓ ▓▓
Applied Business Software, Inc. (800) 833-3343



Note Secured by Deed of Trust                    [7180/Lopez]
                                                  Page 1 of 3



I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: For the first five (5) years this loan contains a prepayment penalty. The undersigned may prepay an amount not exceeding twenty percent (20%) of the original principal amount in any twelve month period commencing from the date of the Promissory Note of anniversary dates thereof without penalty. If the aggregate amount of principal prepaid in any twelve month period exceeds twenty percent (20%) of the original principal amount of this loan, then as consideration for the acceptance of such prepayment and in addition to any other sum payable hereunder, the undersigned agrees to pay the holder hereof a sum equal to six (6) months interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount at the rate specified in the Promissory Note. Such additional sums shall be paid whether prepayment is voluntary or involuntary including any prepayment affected by the exercise of any acceleration provisions contained in the Promissory Note or in the Deed of Trust or any other security instrument securing the Promissory Note.  Borrower's initials ___

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

| | | | |
|---|---|---|---|
| _Sonia Lopez_ | 8-30-07 | | |
| Borrower    SONIA S. LOPEZ | Date | Borrower | Date |

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

BORROWER'S INITIAL ___

Applied Business Software, Inc. (800) 833-3343



Exhibit A

# EXHIBIT B

# EXHIBIT B

Case 09-91977    Filed 12/18/14    Doc 241

9
N

RECORDING REQUESTED BY

SPL In S

AND WHEN RECORDED MAIL TO

| | |
|---|---|
| NAME | CAPITAL BENEFIT MORTGAGE, INC. |
| ADDRESS | 2727 NEWPORT BLVD., SUITE 203 |
| CITY/STATE/ZIP | NEWPORT BEACH, CA 92663 |

CORRECTORY

2008-0055986

Recorded
Official Records
County of
Tulare
GREGORY B. HARDCASTLE
Clerk Recorder

REC FEE    44.00

DJF

08:00AM 13-Aug-2008 | Page 1 of 9

2 ti

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

## DEED OF TRUST

TITLE ORDER NO. 77530989    ESCROW NO. _____    APN _____

THIS DOCUMENT IS BEING RE-RECORDED TO CORRECT THE LEGAL
DESCRIPTION – SEE EXHIBIT "A"

Exhibit B

Southland Title Corporation Case 09-91977    Filed 12/18/14    Doc 241

Recording Requested By

When Recorded Mail To
Capital Benefit Mortgage, Inc.
2727 Newport Blvd., Suite 203
Newport Beach, CA  92663

Title Order No. 77530989

093-022-020-000

**2007-0080434**

Recorded       | REC FEE        33.00
Official Records |
County of      |
Tulare         |
GREGORY B. HARDCASTLE |
Clerk Recorder |
               | LS
11:12AM 07-Sep-2007 | Page 1 of 6

Space above this line for recorder's use

## DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No.

    This Deed of Trust, made this 29th day of August, 2007, among the Trustor, SONIA C. LOPEZ, an unmarried woman, as her sole and separate property (herein "Borrower"), R.E.F.S. Inc. a California Corporation (herein "Trustee"), and the Beneficiary, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest, (herein "Lender").

    The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of Tulare, State of California: Parcel X of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.

        SEE  EXHIBIT  "A"

APN:093-022-020-000, which has the address of 819 North Divisadero Street Visalia CA 93291 (herein "Property Address");

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated August 29, 2007, in the principal sum of U.S. $80,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

    Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

Applied Business Software, Inc.  (800) 833-3343

Deed of Trust (General 2920b)      Page 1 of 5





Exhibit B

1. Payments of Principal and/or Interest. Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

2. Funds for Taxes and Insurance (Impounds). Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

4. Prior Mortgages and Deeds of Trust; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

Deed of Trust (General 2924b)    Page 2 of 5




Exhibit B

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

11. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

12. **Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

13. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

14. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

15. **This Deed of Trust** shall be governed by the Laws of the State of California. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

16. **Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower should sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.





If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

17. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. **Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following; 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

21. **Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

23. **Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

24. **Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

25. **Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by





accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender care of Lender's Servicing Agent, at it's address set forth on page one of this Deed of Trust, of any default under the superior encumbrances and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Borrower  SONIA C LOPEZ          Date  8-30-07                    Borrower                                Date

State of California
County of *Tulare*
On *August 30, 2007* before me, *Francisca Bonilla (Notary Public)*, personally appeared
SONIA C. LOPEZ
~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that SHE executed the same in HER authorized capacity(ies), and that by HER signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature                                                    (Seal)

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm. Expires Dec 22, 2010

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Signature of Beneficiary (the "LENDER")          Date          Signature of Beneficiary (the "LENDER")          Date

When recorded, mail to

Att: _____

Exhibit B

## HAZARDOUS SUBSTANCE RIDER TO DEED OF TRUST

That certain Deed Of Trust dated August 29, 2007 between SONIA C. LOPEZ, an unmarried woman, as her sole and separate property, therein and herein called "Trustor", R.E.F.S. Inc. a California Corporation, a California corporation, therein called "Trustee" and Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest,  therein and herein called "Beneficiary" is supplemented in the following particulars only:

1.  Trustor represents to Beneficiary that, to the best of Trustor's knowledge after due and diligent inquiry, no hazardous or toxic waste substances are being stored on the property or any adjacent property nor have such substances been stored or used on the property or any adjacent property prior to Trustor's ownership, possession or control of the property. Trustor agrees to provide written notice to Beneficiary immediately upon Trustor's becoming aware that the property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Trustor will not cause or permit any activities on the property that directly or indirectly could result in the property or any other property's being contaminated with hazardous or toxic waste or substances. For the purpose of this Deed of Trust, "hazardous" or "toxic waste" or "substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic, or radioactive substance, or other similar term by any applicable federal, state, or local statute, regulation, or ordinance now or hereafter in effect.

2.  Trustor shall promptly comply with all statutes, regulations, and ordinances, and with all orders, decrees, or judgments of governmental authorities or courts having jurisdiction, relating to the use, collection, storage, treatment, control, removal, or cleanup of hazardous toxic waste or substances in, on, or under the property or in, on, or under any adjacent property that becomes contaminated with hazardous or toxic waste or substances as a result of construction, operations, or other activities on, or the contamination of, the property, or incorporated in any improvements thereon, at Trustor's expense. Beneficiary may, but is not obliged to, enter upon the property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Trustor has actual knowledge of the existence of hazardous or toxic waste or substances in, on, or under the property or any adjacent property as of the date hereof, Trustor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary's acquiring title to the property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

_____  8-30-07 ✓         _____
Borrower   SONIA C. LOPEZ         Date            Borrower                                    Date





Exhibit B

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *TULARE* }

On *JULY 23, 2008* before me, *FRANCISCA BONILLA, NOTARY PUBLIC*,
    Date                     Here Insert Name and Title of the Officer

personally appeared *SONIA C. LOPEZ*
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm. Expires Dec 22, 2010

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
          Signature of Notary Public

Place Notary Seal Above

—————— *OPTIONAL* ——————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org  Item #5907  Reorder: Call Toll-Free 1-800-876-6827


Exhibit B

ORDER NO. 77530989

*EXHiBiT "A"*

Parcel 1 of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.

Exhibit B

# EXHIBIT C

# EXHIBIT C

## UNIFIED MORTGAGE SERVICE, INC.
### 2020 CAMINO DEL RIO N. #230
### SAN DIEGO, CA 92108
### (619) 298-4990

8/4/2015

SONIA C. LOPEZ
P.O. Box 126
Turlock, CA 95382
Account: SS10047

**Loan Reinstatement Notice**

Dear SONIA C. LOPEZ

Please take note that the above referenced loan is seriously delinquent.  In order to reinstate your loan you must pay all delinquent payments in full together with the additional charges outlined below:

| | |
|---|---:|
| Unpaid Installments (20 x $840.79) | $16,815.80 |
| Late Charges Due(24.82x$84.08) | $2,086.83 |
| Unpaid Charges | $11,994.45 |
| Assignments of Rent $50.00 | |
| Advanced fire Insurance $4139.53 | |
| Attorney fees 2009 $1600.00 | |
| Foreclosure 2009 $954.00 | |
| Attorney fees 2013 $1500.91 | |
| Foreclosure Fees 2015 $1799.34 | |
| Interest on adv. property taxes $191.09 | |
| Bk admin and Attorney fees (NV)$1759.34 | |
| Unpaid Interest | $0.00 |
| **To Reinstate as of 7/16/2015, Please Pay** | **$30,897.08** |

Time is of essence; therefore, if you have any questions or need more information, please call us immediately at (619) 298-4990 upon receipt of this communication.

As a condition of Reinstatement, **any senior liens, fire insurance policies, and property taxes must be brought current.** Please provide copies of cashier's checks paid to reinstate any senior liens, fire insurance policies, and property taxes. Current statements from any of these will be acceptable. Reinstatement cannot be accepted without verification that all conditions have been satisfied.

Reinstatement can be paid by Cashier's Check or Money Order. Personal checks can not be accepted for reinstatement. Please make your Cashier's Check or Money Order payable to: Unified Mortgage Service, Inc..

Sincerely,

Customer Service

619-298-4990
619-752-1654fx

# EXHIBIT D

# EXHIBIT D

# UNIFIED MORTGAGE SERVICE, INC.
2020 CAMINO DEL RIO N. #230
SAN DIEGO, CA 92108
(619) 298-4990

8/4/2015

SONIA C. LOPEZ
P.O. Box 126
Turlock, CA 95382
Account: SS10047

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear SONIA C. LOPEZ

You are authorized to use the following amounts to payoff the above-mentioned loan.  All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 7/16/2015 |
|---|---|
| Maturity Date | 10/1/2037 |
| Next Payment Due | 12/1/2013 |
| Interest Rate | 12.290% |
| Interest Paid-To Date | 11/1/2013 |
| Principal Balance | $79,526.82 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 11/1/2013 To 7/16/2015 | $16,655.70 |
| Unpaid Late Charges | $405.23 |
| Accrued Late Charges | $1,681.60 |
| Unpaid Charges | $11,994.45 |
| Prepayment Penalty | $0.00 |
| Other Fees –demand/recon | $113.00 |
| Trust Balance | $0.00 |
| **Payoff Amount** | **$110,376.80** |

Please add **$28.27** for each additional day past **7/16/2015.**

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff.  **Please note that this demand expires on 7/17/2015,** at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Make Cashier's Check or Title Company disbursement check payable to: **UNIFIED MORTGAGE SERVICE, INC.**
Wire Instructions for Unified Mortgage Service, Inc.:
US BANK: USB ROUTING NUMBER:122235821
ACCOUNT NUMBER:161843154261
If you send a wire, please add our wire fee of $45.00 to the Payoff Amount. Please call or email and let us know when wire has been sent.
Sincerely,
Customer Service

619-752-1654fx

# EXHIBIT C

# EXHIBIT C

Roland Hill , County Assessor

**General Information**

| | |
|---|---|
| APN: | 093-022-020-000 |
| Situs Address: | 819 N DIVISADERO ST VISALIA CA 93291-4605 |
| Mailing Address: | 825 N DIVISADERO VISALIA CA 93291 |
| Legal Desciption: | PAR 1 PAR MAP 1658 V17 P59 PM |

| | |
|---|---|
| Use Type: | RESID. MULTIPLE FAMILY |
| Tax Rate Area: | 006-137 |

**CLICK HERE**
For More Info
on this Property!

**Assessment**

| | |
|---|---|
| Year Assd: | 2015 |
| Land: | $20,439 |
| Structure(s): | $75,377 |
| Other: | |
| Total Land and Improv: | $95,816 |
| HO Exempt?: | N |
| Exemption Amt: | |



\*\*The information provided here is deemed reliable, but is not guaranteed.

© 2016 ParcelQuest  |  Toll Free 1-844-893-7216  |  Privacy Policy  |  Refund Policy