## * * § 362 INFORMATION SHEET * *

SONIA C. LOPEZ                                    15-14086-mkn
DEBTOR                                            BK-                        MOTION #:
   Brilena, Inc.                                  CHAPTER: 13
MOVANT

| **Certification of Attempt to Resolve the Matter Without Court Action:** |
| --- |
| *Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.* |
| *Date: _____        Signature: _____* |
| *Attorney for Movant* |

PROPERTY INVOLVED IN THIS MOTION: 819 North Divisadero St., Visalia, CA 93291
NOTICE SERVED ON: Debtor(s) ☑ ; Debtor's counsel ☑ ; Trustee ☑ ;
DATE OF SERVICE:_____

---

MOVING PARTY'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st $110,376.80
2nd _____
3rd _____
4th _____
Other: Cost of Sale: $4,880.00
Total Encumbrances: $115,256.80

APPRAISAL of OPINION as to VALUE:
   $61,602.00

---

DEBTOR'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st _____
2nd _____
3rd _____
4th _____
Other: _____
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

---

TERMS of MOVANT'S CONTRACT
with the DEBTOR(S)::

Amount of Note: $80,000.00
Interest Rate: 12.290
Duration: 30
Payment per Month: $845.64
Date of Default: 11/1/2013
Amount in Arrears: $110,376.80
Date of Notice of Default: 11/1/2013
SPECIAL CIRCUMSTANCES:


SUBMITTED BY: _[signature]_
_____

---

DEBTOR'S OFFER of "ADEQUATE
PROTECTION"for MOVANT :

   .
   .
   .
   .
   .
   .

SPECIAL CIRCUMSTANCES:

SUBMITTED BY:_____
SIGNATURE:_____

1  Michael R. Brooks, Esq.
   Nevada Bar No. 7287
2  E-mail:  mbrooks@brookshubley.com
   BROOKS HUBLEY, LLP
3  1645 Village Center Circle, Suite 200
   Las Vegas, Nevada 89134
4  Tel:    (702) 851-1191
   Fax:    (702) 851-1198
5
   *Attorney for Secured Creditors Brilena, Inc. as to an undivided 31.2500% interest, Michael*
6  *Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 31.2500%*
   *interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an*
7  *undivided 25.000% interest*

8                     **UNITED STATES BANKRUPTCY COURT**
                            **DISTRICT OF NEVADA**
9

10  In Re:                                │  Case No. 15-14086-mkn
                                          │  Chapter  13
    SONIA C. LOPEZ,                       │
11                                        │
                                          │
12                          Debtor.       │  Hearing Date:  March 16, 2016
                                          │  Hearing Time:  1:30 p.m.
13

14          **MOTION FOR RELIEF FROM AUTOMATIC STAY**

15          Creditor, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and

16  Adele Bumbaca husband and wife as joint tenants as to an undivided 31.2500% interest, First

17  Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided

18  25.000% interest (herein referred to as "Creditors."), by and through its attorney of record

19  Michael R. Brooks, Esq., of the law firm of Brooks Hubley, LLP, hereby submits this *Motion*

20  *for Relief from Automatic Stay* (the "Motion"), for an order terminating the automatic stay,

21  pursuant to §362 of the Bankruptcy Code and Bankruptcy Rule 4001, on property generally

22  described as **819 North Divisadero Street, Visalia, CA 93291** (the "Property").

23          Pursuant to Local Rule 9014.2, the Creditor consents to entry of final order(s) or

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1478-0001/178399

judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

In support of its Motion, Creditors represent as follows:

1.    On or about August 29, 2007, Debtor, SONIA C. LOPEZ ("Debtor"), for valuable consideration, made, executed, and delivered to Creditors, the *Note Secured by a Deed of Trust* (the "Note") in the principal sum of $80,000.00 (the "Loan").  See attached **Exhibit "A."**

2.    Said Note is secured by a Deed of Trust (the "DOT") dated August 29, 2007.  See attached **Exhibit "B."**

3.    All beneficial interest in the Note and DOT is currently held by Creditors herein.

4.    Debtor filed a Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code on July 16, 2015. [Dkt. No. 1]

5.    The Debtor defaulted in the payment obligations under the Agreement.  The Debtor now owes the payments and late charges that accrued from December 1, 2013 and each payment due thereafter.  A true and correct copy of the §362 Information Sheet is attached as the "cover page" and incorporated by reference.

6.    The outstanding account balance amount due and owing under the DOT Agreement is $110,376.80 effective as of December 1, 2013.

7.    Attached hereto and made a part thereof as **Exhibit "C"** is correspondence dated August 17, 2015, sent by Creditors' agent to Debtor pursuant to Local Rule 4001(a)(2) and further correspondence dated February 2, 2016.

8.    Attached hereto and made a part thereof as **Exhibit "D"** is Secured Creditors'

**BROOKS HUBLEY, LLP**
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1 [Proposed] Order Terminating the Automatic Stay.

2      9.    According to the Debtor's Schedule A, the Property has a fair market value of

3 $61,602.00.

4      10.    As stated in the Creditors' Objection to Confirmation of Chapter 13 Plan #1, the

5 Debtor's plan is not feasible as the Debtor has failed to commence plan payments and the

6 Debtor does not evidence there is disposable income to pay the proposed $1,683.89 per month

7 for sixty (60) months as listed in the proposed plan.

8      11.    Additionally, the $1,683.89 per month in the proposed plan payment would only

9 pay $73,207.00 over the life of the plan with the property undervalued at $64,264.00 and would

10 not satisfy the pre-petition arrears owing to Creditors in the statutorily allowed period of time.

11      12.    On or about September 1, 2015, the Trustee filed its Opposition to Confirmation

12 of Plan combined with Trustee's Recommendation for Dismissal.  To date, the Debtor has

13 failed to fulfill the requirements to satisfy the Trustee's requested requirements.

14      13.    Furthermore, on or about October 14, 2015, an Order was entered referring

15 Debtor, SONIA C. LOPEZ and Creditors (incorrectly listed as Unified Mortgage Service, Inc.).

16      14.    As of the date of filing of this Motion, the Debtor has failed to provide Creditors

17 the required documents to procced with mediation which is to be completed by March 12,

18 2016.

19      15.    Lastly, the Debtor is obviously using the Bankruptcy stay as a delay tactic from

20 allowing action to be taken against the property as evidenced through numerous Bankruptcy

21 filings as listed below:

22      a.   Case No.: 09-90730, Chapter 7 filed in California Eastern Bankruptcy Court on

23           03/20/2009 , Dismissed for failure to pay filing fee on 06/11/2009

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1478-0001/178399

b.  Case No.: 09-91977, Chapter 7 filed in California Eastern Bankruptcy Court on 06/29/2009, Dismissed for Other Reason on 04/22/2015;

c.  Case No.: 11-94324, Chapter 7 filed in California Eastern Bankruptcy Court on 12/21/2011, Dismissed for Failure to File Information on 01/03/2012.

16.    Further, the Confirmation hearing in this case has been continued on four separate occasions.  At this point, it is prejudicial to the Creditors as the Debtor has not made any effort to satisfy or make arrangements towards the amounts due to the Creditors nor does the Debtor have the means to do so.

17.    Upon information and belief, Creditors allege that it is entitled to relief from the automatic stay for the following reasons:

a.  The Debtor has not made any post-petition payments to Creditors;

b.  The proposed plan payment is not feasible;

c.  Creditors do not have adequate protection;

By reason thereof, good cause exists, for this Court to grant Creditors relief from stay as provided by Section 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

WHEREFORE, Creditors respectfully prays that this Court grant relief from the automatic stay and enter an order as follows:

a)    Relief from stay allowing Creditors, its successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies, including, but not limited to, foreclosure upon, obtaining possession of, and selling the Property;

b)    In the alternative, if relief from stay is not granted, that the Debtors be required to adequately protect Creditors; and

/././

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1478-0001/178399

1    c) For such other, and further remedies as the Court deems applicable and just.

2    Dated: February _9_, 2016.

3                                    BROOKS HUBLEY, LLP

4                         By: _____

5                                    MICHAEL R. BROOKS, ESQ.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**BROOKS HUBLEY, LLP**
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1478-0001/178399

# EXHIBIT A

# EXHIBIT A

## NOTE SECURED BY A DEED OF TRUST

Loan Number: ▓▓▓▓    Date: Wednesday, August 29, 2007    Newport Beach, California

819 North Divisadero Street
Visalia CA 93291
Property Address

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $80,000.00 (this amount will be called "principal"), plus interest, to the order of Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest, (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on Wednesday, September 05, 2007, or Actual Date of Funding and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**

My payments are   [ ] Interest Only   [X] Fully Amortized   [ ] Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Date(s) | Interest Rate(s) | Payment Amount(s) |
|---|---|---|---|
| 359 | Starting November 1, 2007 | 12.290% | $840.79 |
| 1 | Starting October 1, 2037 | 12.290% | $845.64 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on Thursday, October 01, 2037 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge For Overdue Payments. If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.00% of my overdue payment or U.S. $25.00, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

(B) Default. If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Payment of Note Holder's Costs and Expenses. If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES**

BORROWER'S INITIAL ✓ ⟨signature⟩

Applied Business Software, Inc. (800) 833-3343


**SIGN & RETURN**

Note Secured by Deed of Trust    [7180/Lopez]
Page 1 of 3


exhibit A

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: For the first five (5) years this loan contains a prepayment penalty. The undersigned may prepay an amount not exceeding twenty percent (20%) of the original principal amount in any twelve month period commencing from the date of the Promissory Note of anniversary dates thereof without penalty. If the aggregate amount of principal prepaid in any twelve month period exceeds twenty percent (20%) of the original principal amount of this loan, then as consideration for the acceptance of such prepayment and in addition to any other sum payable hereunder, the undersigned agrees to pay the holder hereof a sum equal to six (6) months interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount at the rate specified in the Promissory Note. Such additional sums shall be paid whether prepayment is voluntary or involuntary including any prepayment affected by the exercise of any acceleration provisions contained in the Promissory Note or in the Deed of Trust or any other security instrument securing the Promissory Note.. Borrower's initials _____

### 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

### 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by dévise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_____     8-30-07 ✓     _____
Borrower    SONIA C. LOPEZ    Date                    Borrower                    Date

---

### ASSIGNMENT OF NOTE
### SECURED BY A DEED OF TRUST

BORROWER'S INITIAL



# EXHIBIT B

# EXHIBIT B

Case 09-91977    Filed 12/18/14    Doc 241

RECORDING REQUESTED BY

*SpL In S*

AND WHEN RECORDED MAIL TO

CORRECTORY

2008-0055986

| | |
|---|---|
| NAME | CAPITAL BENEFIT MORTGAGE, INC. |
| ADDRESS | 2727 NEWPORT BLVD., SUITE 203 |
| CITY/STATE/ZIP | NEWPORT BEACH, CA  92663 |

Recorded
Official Records
County of
Tulare
GREGORY B. HARDCASTLE
Clerk Recorder

REC FEE      44.00

08:00AM 13-Aug-2008

DJF
Page 1 of 9

_____
SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

## DEED OF TRUST

TITLE ORDER NO. 77530989    ESCROW NO. _____    APN _____

THIS DOCUMENT IS BEING RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION – SEE EXHIBIT "A"

*Exhibit B*

Southland Title Corporation Case 09-91977    Filed 12/18/14    Doc 241

Recording Requested By

*77530989*

When Recorded Mail To
Capital Benefit Mortgage, Inc.
2727 Newport Blvd., Suite 203
Newport Beach, CA  92663

Title Order No. 77530989

2007-0080434
Recorded
Official Records
County of
Tulare
GREGORY B. HARDCASTLE
Clerk Recorder
REC FEE    33.00

11:12AM 07-Sep-2007   LS   Page 1 of 6

093-022-020-000                                    Space above this line for recorder's use

## DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No.

This Deed of Trust, made this 29th day of August, 2007, among the Trustor, SONIA C. LOPEZ, an unmarried woman, as her sole and separate property (herein "Borrower"), R.E.F.S. Inc. a California Corporation (herein "Trustee"), and the Beneficiary, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest, (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of Tulare, State of California: Parcel 2 of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.
SEE EXHIBIT "A"

APN:093-022-020-000, which has the address of 819 North Divisadero Street Visalia CA 93291 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated August 29, 2007, in the principal sum of U.S. $80,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:


Exhibit B

1. **Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

2. **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

4. **Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.



Exhibit B

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: recovney any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), Capital Benefit Mortgage, Inc., 2727 Newport Blvd. Suite 203, Newport Beach, CA 92663 or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15.** This Deed of Trust shall be governed by the Laws of the State of California. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.





Exhibit B

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

17. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

18. Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

19. Future Advances. Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

20. Reconveyance. Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following; 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

21. Substitution of Trustee. Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. Request for Notices. Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

23. Statement of Obligation. Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

24. Construction or Home Improvement Loan. If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

25. Acceptance by Lender of n Partial Payment After Notice of Default. By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by





accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

### REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender care of Lender's Servicing Agent, at it's address set forth on page one of this Deed of Trust, of any default under the superior encumbrances and of any sale or other foreclosure action.

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Borrower    SONIA C LOPEZ    Date    8-30-07    Borrower    Date

State of California
County of _Tulare_
On _August 30, 2007_ before me, _Francisca Bonilla (Notary Public)_, personally appeared
**SONIA C. LOPEZ**
~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) _SHE_ subscribed to the within instrument and acknowledged to me that _SHE_ executed the same in _HER_ authorized capacity(ies), and that by _HER_ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature    (Seal)

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm Expires Dec 22, 2010

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to

Att: _____

Applied Business Software, Inc.  (800) 833-3343

Deed of Trust (General 2924b)    Page 6 of 6





Case 09-91977    Filed 12/18/14    Doc 241

## HAZARDOUS SUBSTANCE RIDER TO DEED OF TRUST

That certain Deed Of Trust dated **August 29, 2007** between **SONIA C. LOPEZ, an unmarried woman, as her sole and separate property**, therein and herein called "Trustor", **R.E.F.S. Inc. a California Corporation**, a California corporation, therein called "Trustee" and **Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No.051236, as to an undivided 25.000% interest,** therein and herein called "Beneficiary" is supplemented in the following particulars only:

1.  Trustor represents to Beneficiary that, to the best of Trustor's knowledge after due and diligent inquiry, no hazardous or toxic waste substances are being stored on the property or any adjacent property nor have such substances been stored or used on the property or any adjacent property prior to Trustor's ownership, possession or control of the property. Trustor agrees to provide written notice to Beneficiary immediately upon Trustor's becoming aware that the property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Trustor will not cause or permit any activities on the property that directly or indirectly could result in the property or any other property's being contaminated with hazardous or toxic waste or substances. For the purpose of this Deed of Trust, "hazardous" or "toxic waste" or "substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic, or radioactive substance, or other similar term by any applicable federal, state, or local statute, regulation, or ordinance now or hereafter in effect.

2.  Trustor shall promptly comply with all statutes, regulations, and ordinances, and with all orders, decrees, or judgments of governmental authorities or courts having jurisdiction, relating to the use, collection, storage, treatment, control, removal, or cleanup of hazardous toxic waste or substances in, on, or under the property or in, on, or under any adjacent property that becomes contaminated with hazardous or toxic waste or substances as a result of construction, operations, or other activities on, or the contamination of, the property, or incorporated in any improvements thereon, at Trustor's expense. Beneficiary may, but is not obliged to, enter upon the property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Trustor has actual knowledge of the existence of hazardous or toxic waste or substances in, on, or under the property or any adjacent property as of the date hereof, Trustor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary's acquiring title to the property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

√ _Sonia C Lopez_ · 8-30-07 √ _____
Borrower    SONIA C LOPEZ    Date    Borrower    Date

Applied Business Software, Inc.  (800) 833-3343    Hazardous Substance Rider to Deed of Trust      Page 1 of 1



## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *TULARE*                                      }

On *JULY 23, 2008* before me, *FRANCISCA BONILLA, NOTARY PUBLIC*
　　　　Date　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared *SONIA C. LOPEZ*
　　　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____
　　　　　　　　Signature of Notary Public

FRANCISCA BONILLA
Commission # 1712241
Notary Public - California
Tulare County
My Comm. Expires Dec 22, 2010

Place Notary Seal Above

――――――――― OPTIONAL ―――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____    Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827


Exhibit B

Case 15-14086-mkn    Claim 13-1    Filed 11/03/15    Page 17 of 21

Case 15-14086-mkn    Claim 11    Filed 10/13/15    Page 15 of 19

Case 09-91977    Filed 12/18/14    Doc 241

ORDER NO. 77530989

EXHIBIT "A"

Parcel 1 of Parcel Map 1658, in the City of Visalia, in the County of Tulare, State of California, as per map recorded February 24, 1978 in Book 17, Page 59 of Parcel Maps, in the office of the County Recorder of said County.

Exhibit B

# EXHIBIT C

# EXHIBIT C

The Plaza East at Summerlin
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134-6372
702.851.1191
702.851.1198  (F)



**brooks hubley** llp

ATTORNEYS AT LAW

MICHAEL R. BROOKS+°
GREGG A. HUBLEY+
* * *
ALIA NAJJAR M.D.+°
RAMIR  M. HERNANDEZ+
KYLE N. FOSTER+‡
* * *
Licensed:
‡Arizona  °California  +Nevada

August 17, 2015

Seth D. Ballstaedt
The Ballstaedt Law Firm
9480 S. Eastern Ave, Ste. 213
Las Vegas, NV 89123

|   | Re: | **Debtor:** | **Sonia Lopez** |
|---|-----|-------------|-----------------|
|   |     | Case No.: | 09-91977 |
|   |     | Property: | 819 North Divisadero Street, Visalia, CA 93291 |
|   |     | BH File No.: | 1478-0001 |

Dear Ms. Lopez:

This law firm represents the interest of Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest ("Beneficiaries") with regard to the property known as 819 North Divisadero Street, Visalia, CA 93291 (the "Property").  Beneficiaries have alleged grounds that constitute the basis for filing a Motion for Relief from Automatic Stay ag40ainst your client.  Specifically, Beneficiaries make the following allegations:

Failure to make monthly payments to Beneficiaries from December 1, 2013 to present.  The outstanding arrearages on the loan as of the date of this letter total $110,376.80.

This letter is written pursuant to LR 4001(a)(2) and is conveyed in a good faith attempt to resolve the allegations raised by my client before filing a Motion for Relief from Automatic Stay. If your client would like to attempt to resolve this matter without court action, please contact my office within three (3) business days of the date of this letter.  If we do not receive a response to this letter within that time, I must assume that your client has no desire to resolve the allegations made by my client and will proceed with a Motion for Relief from Automatic Stay in the Bankruptcy Court.

Very truly yours,

BROOKS HUBLEY, LLP

Michael R. Brooks, Esq.

**Shantel Llanos**

| | |
|---|---|
| **From:** | Shantel Llanos |
| **Sent:** | Tuesday, February 02, 2016 8:53 AM |
| **To:** | 'brooke@ballstaedtlaw.com'; 'seth@ballstaedtlaw.com' |
| **Cc:** | Michael Brooks; 'Ed Weber' |
| **Subject:** | RE: Sonia Lopez, BK 15-14086 |

Good Morning:

As you are aware our office represents, Brilena, Inc. in the above-referenced matter.  The deadline to complete mediation with the Borrower is set for March 12, 2016.  To date, we still have not received the complete mediation package for our client to review for modification.  In addition, we have filed an Objection to the Chapter 13 plan as the Borrower offers to pay the claim in full; however, she has no income to fulfill the plan requirements as stated in our objection to the plan.  We have filed our Proof of Claim and sent over a Meet and Confer letter previously.  Our client has not received a single payment for this loan since December 1, 2013.

At this time, it is our intention to file a relief of stay.  If your client would like to attempt to resolve this matter without court action, please contact my office within three (3) business days of the date of this letter.  If we do not receive a response to this letter within that time, I must assume that your client has no desire to resolve the allegations made by my client and will proceed with a Motion for Relief from Automatic Stay in the Bankruptcy Court. Also, please advise when the full mediation package will be uploaded for review.

If you should have any questions or concerns, please do not hesitate to contact me.

Thank you,

*Shantel M. Llanos*



**BROOKS HUBLEY LLP** | Paralegal
1645 Village Center Cir., Ste. 200 | Las Vegas, NV 89134
☎ (Ph) 702.851.1191 | (Fax) 702.851.1198
✉ sllanos@brookshubley.com

 *Please consider the environment before printing this e-mail.*

CONFIDENTIAL:  UNAUTHORIZED USE OR DISCLOSURE IS STRICTLY PROHIBITED.

The information contained in this electronic transmission (e-mail) is private and confidential and is the property of Brooks Hubley, LLP. The information contained herein is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this (e-mail) electronically transmitted information is strictly prohibited. If you have received this (e-mail) electronic transmission in error, please immediately notify us by telephone and delete the e-mail from your computer. You may contact Brooks Hubley, LLP at 702.851.1191 (Las Vegas, NV).

IRS CIRCULAR 230 DISCLOSURE: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

**From:** Brooke Gatten [mailto:brooke@ballstaedtlaw.com]
**Sent:** Wednesday, August 19, 2015 1:17 PM
**To:** Ed Weber <ed@eweberlegal.com>; Seth Ballstaedt <seth@ballstaedtlaw.com>; MBrooks@brookshubley.com;

sllanos@brookshubley.com
**Subject:** Re: Sonia Lopez, BK 15-14086

Hi Ed,

We have proposed a plan which will pay the claim in full.  However, because there is not a proof of claim filed, we had to go on the amount provided by the debtor, $61,602.  If that amount is incorrect, we would be happy to make the corrections by stipulation.

The plan provides for payments to start in Month 3, with a payment of $462, then in month 4 and for the remaining months of the plan, the payments will be $1243/month, payments to be disbursed by the Trustee.

I have provided the proposed plan, let me know if it is acceptable.

And to answer your other questions, the debtor now resides in Las Vegas, and that is the purpose of the NV filing.  She is self employed with monthly income between $2256/month and rental income of $1500/month.

Thank you,


**Brooke Gatten**
*Legal Assistant*
**The Ballstaedt Law Firm**
9480 S. Eastern Ave., Ste 213
Las Vegas, NV 89123
Phone: (702) 715-0000
Fax: (702) 666-8215
www.bkvegas.com

This electronic message contains information from the Ballstaedt Law Firm.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at brooke@ballstaedtlaw.com

On Wed, Aug 19, 2015 at 11:34 AM, Ed Weber <ed@eweberlegal.com> wrote:

Yes, I am, as well as Michael Brooks in NV.  We are working together but I will be your point of contact.  What does your client propose?  My client is really agitated and wants to proceed with a RFS motion for bad faith and no changed circumstances.  Your client really needs to provide some convincing information as well as proof of income/feasibility of any plan, including how and why this case was filed in NV.  Please let me know.  Thanks.


Ed


**Edward T. Weber, Esq.**

*LAW OFFICES OF EDWARD T. WEBER*

17155 Newhope Street, Suite H

Fountain Valley, California 92708

657-235-8359 office

562-316-8413 mobile

ed@eweberlegal.com

www.eweberlegal.com

THIS COMMUNICATION AND ANY ATTACHED DOCUMENT(S) CONTAIN PRIVATE, CONFIDENTIAL AND PRIVILEGED MATERIAL FOR THE SOLE USE OF THE INTENDED RECIPIENT. IF YOU RECEIVE THIS TRANSMISSION IN ERROR, PLEASE CONTACT OUR OFFICE IMMEDIATELY BY TELEPHONE AT (657) 235-8359 OR BY REPLYING TO THIS EMAIL.  BE ADVISED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE UPON THE COMMUNICATION IS STRICTLY PROHIBITED.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

This electronic communication shall not be deemed an electronic agreement, nor shall it be deemed to bind this firm or any client to any agreement by electronic means, nor shall the sending of this message or the affixation of any name or other symbol to or as part of this message constitute an authentication, except strictly to the extent the party to be bound has expressly agreed otherwise in a communication that provides for agreement by electronic means and stipulates the agreed method for authentication of any such agreement.

This electronic communication and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened.  However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use.

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing, or recommending to another party any tax related matter addressed herein.

*Edward T. Weber is an attorney at law licensed only in the State of California, admitted to practice in the United States District Court, for all federal districts in California, and admitted before the Ninth U.S. Circuit Court of Appeals.  The Law Offices of Edward T. Weber will represent clients only in the State of California for any legal actions that may be filed in California.  Any legal matters filed with a Court outside the State of California shall be handled by local attorneys or law firms in that state or jurisdiction.*

3

**From:** Brooke Gatten [mailto:brooke@ballstaedtlaw.com]
**Sent:** Tuesday, August 18, 2015 11:51 AM
**To:** Ed Weber <ed@eweberlegal.com>; Seth Ballstaedt <seth@ballstaedtlaw.com>
**Subject:** Re: Sonia Lopez, BK 15-14086


Hi Ed,


I just wanted to follow up on this case.  First I want to be sure that you are the attorney representing the creditor for the property, and then I wanted to see if we could reach an agreement for APO payments in this chapter 13 case.


Please let me know.


Regards,


**Brooke Gatten**

*Legal Assistant*

**The Ballstaedt Law Firm**

9480 S. Eastern Ave., Ste 213

Las Vegas, NV 89123

Phone: (702) 715-0000

Fax: (702) 666-8215

www.bkvegas.com

This electronic message contains information from the Ballstaedt Law Firm.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at brooke@ballstaedtlaw.com

4

On Fri, Aug 14, 2015 at 4:36 PM, Ed Weber <ed@eweberlegal.com> wrote:

Got your messages, I've been out, I will try to catch up to you later, if not Monday at the latest.  Thanks.


**Edward T. Weber, Esq.**

***LAW OFFICES OF EDWARD T. WEBER***

17155 Newhope Street, Suite H

Fountain Valley, California 92708

657-235-8359 office

562-316-8413 mobile

ed@eweberlegal.com

www.eweberlegal.com


THIS COMMUNICATION AND ANY ATTACHED DOCUMENT(S) CONTAIN PRIVATE, CONFIDENTIAL AND PRIVILEGED MATERIAL FOR THE SOLE USE OF THE INTENDED RECIPIENT. IF YOU RECEIVE THIS TRANSMISSION IN ERROR, PLEASE CONTACT OUR OFFICE IMMEDIATELY BY TELEPHONE AT (657) 235-8359 OR BY REPLYING TO THIS EMAIL.  BE ADVISED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE UPON THE COMMUNICATION IS STRICTLY PROHIBITED.


**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


This electronic communication shall not be deemed an electronic agreement, nor shall it be deemed to bind this firm or any client to any agreement by electronic means, nor shall the sending of this message or the affixation of any name or other symbol to or as part of this message constitute an authentication, except strictly to the extent the party to be bound has expressly agreed otherwise in a communication that provides for agreement by electronic means and stipulates the agreed method for authentication of any such agreement.


This electronic communication and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened.  However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use.

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing, or recommending to another party any tax related matter addressed herein.

*Edward T. Weber is an attorney at law licensed only in the State of California, admitted to practice in the United States District Court, for all federal districts in California, and admitted before the Ninth U.S. Circuit Court of Appeals. The Law Offices of Edward T. Weber will represent clients only in the State of California for any legal actions that may be filed in California. Any legal matters filed with a Court outside the State of California shall be handled by local attorneys or law firms in that state or jurisdiction.*

**From:** Brooke Gatten [mailto:brooke@ballstaedtlaw.com]
**Sent:** Friday, August 14, 2015 11:43 AM
**To:** ed@eweberlegal.com; Seth Ballstaedt <seth@ballstaedtlaw.com>; John Cory <john@ballstaedtlaw.com>
**Subject:** Sonia Lopez, BK 15-14086

Good morning,

Our firm represents Debtor Sonia Lopez, BK 15-14086, in her chapter 13 bankruptcy.  The petition was filed on July 16, 2015. The property address is: 819, 821 and 821&1/2 N Divisadero St., Visalia CA 93291 (This is one parcel with 3 separate homes on the parcel).

According to the information that we have, the creditor is listed as Capital Benefit Mortgage AKA Brilena Inc. with Unified Mortgage as the servicer.  We have been informed that you represent the creditor for this loan.

Prior to the filing of this instant case, Debtor's property had a pending foreclosure.  I believe the Foreclosure sale has been postponed at this point, but we would like to enter into a stipulation agreement for Adequate Protection.

Can you please let us know if you are representing the Creditor in this case, and if we are able to enter into a stipulation for adequate protection?

Regards,

**Brooke Gatten**

*Legal Assistant*

**The Ballstaedt Law Firm**

9480 S. Eastern Ave., Ste 213

Las Vegas, NV 89123

Phone: (702) 715-0000

Fax: (702) 666-8215

www.bkvegas.com

This electronic message contains information from the Ballstaedt Law Firm.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at brooke@ballstaedtlaw.com

# EXHIBIT D

# EXHIBIT D

1

2

3

4

5

6 Michael R. Brooks, Esq.
Nevada Bar No. 7287
7 E-mail:  mbrooks@brookshubley.com
BROOKS HUBLEY, LLP
8 1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
9 Tel:    (702) 851-1191
Fax:    (702) 851-1198
10 *Attorney for Secured Creditor Brilena, Inc.*

11

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

</div>

12

13 In Re:

14 SONIA C. LOPEZ,

15                                  Debtor.

Case No. 15-14086-mkn
Chapter  13

Hearing Date:  March 16, 2016
Hearing Time:  1:30 p.m.

16 <div align="center">

**<u>ORDER TERMINATING THE AUTOMATIC STAY</u>**

</div>

17        Secured Creditors, *Brilena, Inc. as to an undivided 31.2500% interest, Michael*

18 *Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 31.2500%*

19 *interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to*

20 *an undivided 25.000% interest* as to an undivided 31.2500% interest's *Motion for Relief from*

21 *Automatic Stay*, having been properly served and the Debtor failing to cure the default, the

22 Court makes its Order as follows:

23        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in

<div style="writing-mode: vertical-rl">

**BROOKS HUBLEY, LLP**
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

</div>

1111-0640/167654

the above-entitled Bankruptcy case is hereby terminated as to the Debtor and the Trustee in favor of Secured Creditors, *Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 31.2500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest*, as it pertains to the subject property generally described as:

**819 North Divisadero Street, Visalia, CA 93291**

Submitted by:

BROOKS HUBLEY, LLP

_____
MICHAEL R. BROOKS, ESQ.
Nevada Bar No. 7287
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 851-1191
*Attorneys for Brilena, Inc.*

**ALTERNATIVE METHOD re: RULE 9021:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____    The court has waived the requirement set forth in LR 9021(b)(1).

____    No party appeared at the hearing or filed an objection to the motion.

____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each

**BROOKS HUBLEY, LLP**
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1111-0640/167654

party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ Approved. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐ Disapproved. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐ Failed to respond. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
MICHAEL R. BROOKS, ESQ.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1111-0640/167654