MICHAEL R. BROOKS, ESQ.
Nevada Bar No. 7287
E-mail: mbrooks@brookshubley.com
ACE C. VAN PATTEN, ESQ.
Nevada Bar No. 11731
E-mail: avanpatten@brookshubley.com
**BROOKS HUBLEY, LLP**
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134
Tel:    (702) 851-1191
Fax:   (702) 851-1198
*Attorneys for Secured Creditors Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 43.7Lop500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 15-14086 |
| SONIA LOPEZ | Chapter 13 |
| Debtor(s), | STIPULATION GRANTING ADEQUATE PROTECTION RE: REAL PROPERTY LOCATED AT 819 NORTH DIVISADERO STREET, VISALIA, CA 93291 |

This Stipulation is entered into by and between the Secured Creditors, Brilena, Inc. as to an undivided 31.2500% interest, Michael Bumbaca and Adele Bumbaca husband and wife as joint tenants as to an undivided 31.2500% interest, First Regional Bank, as Custodian FBO Robert Pastor IRA Acct. No. 051236, as to an undivided 25.000% interest (hereinafter "Creditor"), and Sonia Lopez (hereinafter "Debtor") by and through their respective attorneys of record.

/./././

Page 1 of 6

The property which is the subject of this matter is commonly known as 819 North Divisadero Street, Visalia, California 93291 (hereinafter the "Subject Property").

**THE PARTIES STIPULATE AS FOLLOWS:**

1) Within fifteen (15) days of the entry of this Stipulation, Debtor shall amend her Chapter 13 Plan to provide for the entire amount of pre-petition and post-petition arrears due and owing under the Note and Deed of Trust to be paid through the Chapter 13 Plan, and provide for ongoing regular monthly payments in the amount of $845.64 to Creditor, which amount is subject to change pursuant to the terms of the subject Note (the "Note"), commencing on the first of each month and continuing until October 1, 2037, when all such outstanding amounts under the Note are to be paid in full.

2) The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 08/01/2015 – 08/01/2016 | 13 payments @ $845.64 | $10,993.32 |
| Attorney Fees | | $850.00 |
| Total Post-petition Arrears | | $11,843.32 |

3) The pre-petition arrears owed are in the amount of $31,010.08.

4) Debtor shall tender all necessary escrow payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Debtor shall tender the necessary escrow payments together with the regular monthly mortgage payments described in paragraph 1 above.

5) Debtor shall comply with the terms and conditions of her Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

6) In the event of any future default on any of the above-described provisions, inclusive of this Order, Creditor shall provide written notice to Debtor at Sonia Lopez, at 900

1478-0001/199805

Karen Ave., #B-109, Las Vegas, Nevada 89109 and to Debtor's attorney of record, Seth D. Ballstaedt, at 9555 S. Eastern Ave., Suite 210, Las Vegas, Nevada 89123, indicating the nature of the default.  If Debtor fails to cure the default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is placed in the mail, then Creditor may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court.  Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Creditor, and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further order or proceeding of this Court.

7)    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8)    In the event the Debtor defaults under this Stipulation and Creditor forwards a 15-day default letter to Debtor, Debtor shall be required to pay Creditor's attorneys' fees and costs incurred for each default letter submitted, in addition to the default amount stated therein, in order to cure the default. Any notice of default that Creditor provides Debtor and/or Debtor's attorneys pursuant to this agreement shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

9)    In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10)   Creditor shall comply with the above provisions as to the first three (3) defaults. Upon the fourth (4th) default, under the above-described provisions, Creditor shall immediately be entitled to file an Ex Parte Declaration of Non-Cure and an Order Terminating Automatic

Stay with the court as to Creditor. Upon entry of said Order Terminating Automatic Stay, the automatic stay shall be immediately terminated as to Creditor, and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further order or proceeding of this Court.

11) In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtor.

12) In the event relief from stay is granted as to the Debtor pursuant to any provision contained herein, it shall also be granted as to the Chapter 13 Trustee.

13) The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Subject Property by court order or by operation of law, the foregoing terms and conditions shall cease to be

/././
/././
/././
/././
/././
/././
/././

1478-0001/199805

binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Subject Property and/or against the Debtor.

IT IS SO STIPULATED:

DATED: September 7, 2016

/s/SETH D. BALLSTAEDT
SETH D. BALLSTAEDT
Attorneys for Debtor

DATED: 9/12/16

RICK A. YARNALL
Chapter 13 Trustee

DATED: September 7, 2016

/s/ACE C. VAN PATTEN
ACE C. VAN PATTEN, ESQ.
Attorneys for Creditor

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

1478-0001/199805

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action. My business address is 1645 Village Center Circle, Suite 60, Las Vegas, Nevada 89134.

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Bankruptcy Court in and for the State of Nevada by using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Ballstaedt Law Firm
Seth D. Ballstaedt
9555 S. Eastern Ave., Suite 210
Las Vegas, Nevada 89123
seth@ballstaedtlaw.com

I further certify that the foregoing document was mailed via U.S. Mail, First Class to the following parties who are not registered users of the CM/ECF system:

Sonia Lopez
900 Karen Ave., #B-109
Las Vegas, Nevada 89109

I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on the 14th day of September, 2016, at Las Vegas, Nevada.

_____
An Employee of BROOKS HUBLEY, LLP